UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re FARHAD AZIMA's SUBPOENA TO THE FBI | MISC. NO. |

**FARHAD AZIMA'S MOTION TO COMPEL
FBI COMPLIANCE WITH APPLICANT'S SUBPOENA FOR DOCUMENTS**

Pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure, Applicant Farhad Azima moves this Court to compel the Federal Bureau of Investigation ("FBI") to comply with Applicant's December 2023 subpoena *duces tecum* and produce responsive documents and would show as cause therefore the following.

**BACKGROUND**

As explained in detail below, this subpoena enforcement action is necessary because a local FBI agent who was involved in a lengthy probe instigated by a law firm (that dragged on for years and did not result in charges) failed to produce records before and at his deposition related to a lawsuit filed by the party (Mr. Azima) who was investigated.[1] As more than enough time has now passed for these records to be produced—and discovery ends on May 15, 2024 in the North Carolina action—the Applicant has been forced to seek this Court's assistance to compel the production of identified, responsive records.

---

[1] Applicant filed suit for claims related to that investigation against Nicholas Del Rosso and his company, Vital Management Services, Inc. (the "Del Rosso Defendants"), in 2020 in the Middle District of North Carolina. *Azima v. Del Rosso, et al.*, No. 20-cv-00954 (M.D.N.C. filed Oct. 15, 2020). Applicant has also filed a civil RICO case against Dechert and others. *See Azima, et al. v. Dechert LLP, et al.*, No. 22-cv-08728 (S.D.N.Y. filed Oct 13, 2022).

2869422.3

For more than five years, Dechert LLP ("Dechert"), its former-partner Neil Gerrard, numerous other Dechert attorneys, and third parties acting under their direction, misused sensitive business information stolen from Farhad Azima to instigate a federal criminal investigation of Mr. Azima. Dechert and its co-conspirators peddled Mr. Azima's data and their analysis of that data, which was often false and misleading, to FBI Agent Paul Zukas of the Houston Field Office, who helped launch investigations in several different jurisdictions into numerous alleged crimes. Mr. Azima has subpoenaed documents relating to those investigations of him, but the FBI refuses to produce information relevant to Dechert's attempts to destroy Mr. Azima reputationally and financially.

Dechert and its co-conspirators engaged in a multiyear hack and dump campaign that successfully sought data belonging to Mr. Azima and many others.[2] Dechert's efforts to influence the FBI began in 2015 when former FBI Agent Chris Swecker contacted the FBI. Swecker was hired by Nicholas Del Rosso and claims he was instructed by both Mr. Del Rosso and Dechert. Del Rosso was hired by Dechert. In 2016, a different Dechert co-conspirator—Richard Garcia of Northern Technologies, Inc. ("NTi")—contacted the FBI's Houston Field Office. Subsequently, FBI Agent Paul Zukas aggressively pursued the often-false leads of Dechert and others working with Dechert. Over nearly five years, the investigation included law enforcement components in Alaska, Missouri, California, Oklahoma, North Carolina, and Florida.

---

[2] One of the co-conspirators, Amit Forlit, was arrested in the U.K. on an Interpol red notice as he attempted to board a flight to Israel. Martha McHardy, *Israeli private investigator wanted for hacking in US is arrested in London*, The Independent (May 3, 2024), https://www.independent.co.uk/news/world/americas/crime/amit-forlit-israel-hacking-arrest-b2539187.html. The United States is attempting to extradite Mr. Forlit to face charges related to a separate hacking scheme. *Id.*

The Dechert-instigated investigation took Agent Zukas around the globe to follow up on Dechert's manufactured leads. He and other government employees traveled to Dubai, the Republic of Georgia, and Saudi Arabia, participating in interviews often encouraged and arranged by Dechert and its team, including the Del Rosso Defendants in the North Carolina action. Agent Zukas met with Dechert or its surrogates in odd locations, including gas stations and hotels. Agent Zukas claims he made no effort to determine who stole the data he was constantly fed by Dechert and its team, but admits he was aware of allegations that Mr. Azima's data was hacked on instruction by Dechert's client.

No criminal charges were ever brought, and Agent Zukas ended his extended inquiry in 2020. While the FBI may have been duped by Dechert, it must nonetheless produce all responsive documents. It is unfortunate that Dechert used the FBI for these improper purposes, which wasted taxpayer dollars and allowed Dechert to reap millions of dollars in legal fees. A U.K. court ruled that Dechert engaged in similar misconduct in the U.K., when it co-opted officials of the U.K.'s Serious Fraud Office to launch an investigation of its own client, ENRC, so that that law firm could profit handsomely at their client's expense.[3]

Applicant filed suit against Nicholas Del Rosso and his company Vital Management Services, Inc., in 2020 in the Middle District of North Carolina.[4] As part of fact discovery, Applicant subpoenaed Agent Paul Zukas to better understand what the Del Rosso Defendants and

---

[3] See Jack Womack, *Dechert, Neil Gerrard '100% Responsible' for Unnecessary ENRC Work, Judge Finds,* Law.com (Dec. 21, 2023 9:39 am), https://www.law.com/international-edition/2023/12/21/dechert-neil-gerrard-100-responsible-for-unnecessary-enrc-work-judge-finds/; Sam Tobin, *UK fraud watchdog must pay damages to miner ENRC, court rules*, Reuters (Dec. 21 2023, 12:12 pm), https://www.reuters.com/markets/commodities/uk-fraud-watchdog-must-pay-damages-miner-enrc-court-rules-2023-12-21/.

[4] *Azima v. Del Rosso, et al.*, No. 20-cv-00954 (M.D.N.C. filed Oct. 15, 2020).

others did with Applicant's hacked data and their role in the FBI's long-running investigation.[5] Beginning in February 2024, Applicant and the Government communicated several times regarding documents and a hard drive that the FBI intended to produce pursuant to the document subpoena. Applicant received and reasonably relied upon repeated representations that the materials would be provided sufficiently in advance of Agent Zukas' deposition. Unfortunately, however, Agent Zukas did not comply with his obligations.[6]

Instead, Agent Zukas arrived at his March 6, 2024 deposition with just twelve hard copy documents. For an investigation that spanned the globe and lasted nearly five years, this paltry production was facially inadequate. A responsive hard drive in the Government's possession was not produced until *after the deposition was completed*. Mid-deposition, after Applicant's counsel inquired about tracking information for the hard drive that was to have been sent days before, Agent Zukas revealed that it was placed in the mail the morning of the deposition and sent to Washington DC, from which a reasonable inference should be drawn that this would help to ensure that counsel could not examine it or question him about the contents.[7]

**The FBI has not produced any emails with Dechert** despite Agent Zukas' extensive and prolonged interactions, meetings, presentations, and discussions with Dechert and its operatives from the timeframe set forth in the subpoena, March 1, 2015 and October 15, 2020. Agent Zukas

---

[5] On December 15, 2023, Plaintiff submitted a letter, along with two subpoenas, to the United States Attorney's Office for the Southern District of Texas pursuant to 28 C.F.R. §§ 16.21 – 16.29 and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), and the Government agreed to produce documents and make Agent Zukas available for a deposition on February 1, 2024.

[6] The AUSA assigned to handle the *Touhy* request and to represent the Government at Agent Zukas' deposition acted professionally, and nothing in this motion is intended to draw her conduct into question. The focus of this motion is Agent Zukas' conduct and failure to produce documents.

[7] Exhibit 1, Dep. Tr. of Paul Zukas at 147-48 (Mar. 6, 2024).

and the FBI also failed to produce email correspondence between other FBI agents and third parties, and case file materials, such as other FBI 302 reports (reports of interviews) and presentations given by third parties to law enforcement.

Applicant received a second production on March 22, 2024, which did not allow Applicant to depose Agent Zukas about the documents. The FBI has since failed to produce additional categories of responsive documents that came to light during the deposition despite requests.

1. <u>Agent Zukas Admitted that Additional Relevant Material Exists.</u>

Although Agent Zukas improperly refused to answer numerous questions during his deposition, he ultimately revealed an expansive investigation of Applicant. The Houston Field Office's investigation began in 2016, after the Del Rosso Defendants and Dechert engaged Richard Garcia of NTi to meet with the FBI and begin providing Applicant's hacked data, and lasted until 2020.[8] Agent Zukas described meetings at gas stations at which NTi would provide him with "additional information"[9] regarding Applicant, a meeting at a Houston hotel with Neil Gerrard, other Dechert attorneys, and Chris Swecker to discuss the "Azima case,"[10] and traveling overseas to Dubai, the Republic of Georgia, and Saudi Arabia for meetings related to the investigation.[11] He also acknowledged that other law enforcement components began investigating the Applicant and others.

---

[8] *Id.* at 17, 60.

[9] *Id.* at 44.

[10] *Id.* at 71-75,

[11] *Id.* at 57-58, 236.

Agent Zukas' testimony established that the FBI has failed to comply with Applicant's document subpoena. Agent Zukas identified the following categories of documents that are responsive to the subpoena and were not produced:

- Email communications with Neil Gerrard, other Dechert attorneys, Chris Swecker, and Nicholas Del Rosso;[12]
- Text message communications with Richard Garcia and Chris Swecker;[13]
- Reports provided by NTi;[14]
- FBI 302 reports;[15] and,
- PowerPoint presentations created by Agent Zukas.[16]

Agent Zukas also contradicted himself when asked about electronic and hard copy documents, including "intel reports" that he received from NTi and were based on Applicant's stolen data. At times, he indicated that the reports "may" still be in his possession, but he also indicated that the reports could have been destroyed.[17]

Based on Agent Zukas' testimony and other documents produced in this case, Applicant learned that former-Special Agent in Charge Perrye Turner, FBI forensic accountant Eric Vanderstelt, and at least one other individual also communicated via email with relevant

---

[12] *Id.* at 67, 144, 86.

[13] *Id.* at 53, 79.

[14] *Id.* at 26-27.

[15] *Id.* at 133-34, 189.

[16] *Id.* at 240.

[17] *Id*. at 26-30.

2869422.3

individuals regarding the investigation. To date, however, it is unclear whether the FBI has attempted to search and produce documents from these custodians.

Following Agent Zukas' deposition, Applicant met and conferred with the Government in several instances in good faith, but was unsuccessful in his attempt to resolve the FBI's insufficient response to Applicant's subpoena. For example, on March 25, 2024, Applicant sent the Government a letter identifying the additional documents to be produced and sources to be searched based on Agent Zukas' testimony. On April 5, 2024, Applicant spoke to the Government and reiterated the issues with the FBI's response. And on April 9, 2024, Applicant emailed the Government once again identifying additional documents to be produced and sources to be searched. In an effort to assist the FBI in identifying responsive documents, Applicant also provided the Government with a list of search terms. However, on April 29, 2024—over four months since Applicant's initial subpoenas—the Government indicated that the FBI required an additional three weeks before it could tell Applicant if it *planned* to produce any additional documents – let alone when the documents would be produced.

The FBI has objected to producing materials if doing so would violate the grand jury secrecy provisions set forth in Fed. R. Crim. P. 6(e) ("Rule 6(e)") and considerations afforded to investigative techniques and procedures under 28 C.F.R. § 16.26(b)(5). However, the Government has not stated whether the remaining materials responsive to Applicant's subpoena are in-fact protected by Rule 6(e) or 28 C.F.R. § 16.26(b)(5) or provided a log setting forth its basis for withholding responsive documents. Moreover, the Government cites no authority for why certain categories of documents, such as emails between Agent Zukas and third-parties like Dechert, would be protected.

2869422.3

Applicant has spent over four months attempting to work with the Government to fashion a reasonable deadline. While the assigned AUSA has been cooperative, Mr. Zukas and the FBI have not. It appears that the FBI has permitted Mr. Zukas to make decisions about what to produce and when to produce it. Given the amount of time that has passed, the FBI's continued delay, and the imminent end of discovery, Applicant cannot continue to wait. Applicant therefore seeks this Court's assistance to compel the FBI to produce the remaining responsive records and to provide a log identifying the basis for withholding any responsive document with sufficient detail to allow Applicant to challenge the FBI.

## ARGUMENT

Under the Federal Rules, failing to comply with a subpoena is sanctionable. Fed. R. Civ. P. 45(g) ("The court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."); *see also PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (fine imposed for failure to comply with deposition and document subpoenas); *see also In re Vioxx Prods. Liab. Litig.*, 235 F.R.D. 334, 342 (E.D. La. 2006) (finding that federal agencies are considered a "person" for purposes of Rule 45).

The FBI has failed to comply with Mr. Azima's subpoena. The subpoena seeks several categories of documents, including "[a]ll Documents Related to interactions, meetings, presentations, discussions, and interviews involving U.S. Government Employees and [the Del Rosso] Defendants and/or their Co-Conspirators Related to Mr. Azima" between March 1, 2015 and October 15, 2020.[18] The requests set forth in the subpoena encompass: (i) reports and analysis prepared by third parties and provided to the FBI; (ii) FBI 302 reports prepared by Agent Zukas

---

[18] *See* Exhibit 2, Applicant's Subpoena *duces tecum*, No. 20-cv-00954 (M.D.N.C.) (Dec. 15, 2023).

2869422.3

and others over the course of the multi-year investigation; (iii) in addition to the hard drive that the FBI produced, other materials voluntarily provided to the FBI (e.g., in response to voluntary request letters or in connection with meetings between third parties and the Government); (iv) subpoenas and search warrants, including affidavits; (v) calendar entries; and (vi) communications between the FBI and third-parties, including electronic communications between the FBI and Dechert, the Del Rosso Defendants, Chris Swecker, and NTi.

To date, the FBI has produced limited emails and attachments that primarily relate to communications with NTi in 2016 and early 2017, one FBI 302 report, an electronic communication, and a hard drive with Applicant's hacked data. It is uncontroverted that the FBI sent, received, and created additional documents that are responsive to Applicant's subpoena and have not been produced. For example, the FBI has not produced *any* communications with Dechert, Chris Swecker, or the Del Rosso Defendants. Despite numerous attempts to work with the Government and reach a solution, the FBI continues to stonewall. Given the central role that Agent Zukas played by meeting the Del Rosso Defendants, Dechert, and others, relying on Applicant's hacked data, and initiating an investigation into Applicant, the FBI's continued and repeated failures to comply with the document subpoena is frustrating Applicant's basic discovery rights and ability to meaningfully prepare for trial.

## CONCLUSION

For the foregoing reasons, Applicant respectfully moves this Court for an Order compelling the FBI: (1) to search all relevant data sources within its custody or control and produce all documents responsive to Applicant's subpoena consistent with its obligations under Federal Rule of Civil Procedure 45; and, (2) to provide a log identifying the basis for withholding any responsive document with sufficient detail to allow Applicant to challenge the FBI's basis.

| | |
|---|---|
| Dated: May 10, 2024 | Respectfully submitted,<br><br>*/s/ Michael E. Clark*<br>Michael E. Clark (Tex. Bar No. 04293200)<br>*Attorney-in-Charge* (S.D. Tex. Bar. No. 7435)<br>WOMBLE BOND DICKINSON (US) LLP<br>717 Texas Avenue, Suite 2100<br>Houston, TX 77002<br>Tel. (346) 998-7801<br>Fax. (346) 998-5901<br>Email:  michael.clark@wbd-us.com<br><br>*Of Counsel (pro hac vice motions forthcoming)*:<br><br>Kirby D. Behre<br>Lauren E. Briggerman<br>Ian Herbert<br>Richard P. Gallena<br>MILLER & CHEVALIER CHARTERED<br>900 Sixteenth Street NW<br>Black Lives Matter Plaza<br>Washington, DC 20006<br>Tel. (202) 626-5800<br>Fax. (202) 626-5801<br>Email:  kbehre@milchev.com<br>Email:  lbriggerman@milchev.com<br>Email:  iherbert@milchev.com<br>Email:  rgallena@milchev.com<br><br>*Counsel for Farhad Azima* |

**CERTIFICATE OF CONFERENCE**

Following Agent Zukas' deposition, I am informed that Applicant met and conferred with the Government in several instances in a good faith, but was unsuccessful in its attempts to resolve the FBI's insufficient response to Applicant's subpoena.

*/s/ Michael E. Clark*

2869422.3

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded by email pursuant to the Federal Rules of Civil Procedure to the parties below on May 10, 2024:

Lisa Luz Parker
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Email: lisa.luz.parker@usdoj.gov

*Counsel for the United States*

Federal Bureau of Investigation
Houston Field Office
1 Justice Park Drive
Houston, TX 777092AUSA
Email: houston.texas@ic.fbi.gov

*/s/ Michael E. Clark*

2869422.3