# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re FARHAD AZIMA'S SUBPOENA TO THE FBI | § § § § § MISC. NO. 4:24-mc-00772 |

## THE FEDERAL BUREAU OF INVESTIGATION'S RESPONSE TO MOTION TO COMPEL

The Federal Bureau of Investigation, by and through Alamdar Hamdani, United States Attorney for the Southern District of Texas, and Lisa Luz Parker, Assistant United States Attorney for said district, files this Response to Farhad Azima's Motion to Compel FBI Compliance with Applicant's Subpoena for Documents (the "Motion to Compel") (Dkt. 1) and in support shows the following:

### SUMMARY

This case involves a Touhy Request that Farhad Azima (Azima) submitted to the FBI seeking documents and testimony of a FBI Special Agent. The requested information relate to any federal investigations of Azima, including a grand jury investigation, from 2016 to 2020. In response, the FBI partially granted the request in February 2024, citing to restrictions in disclosing documents and testimony that would violate the grand jury secrecy rule under Federal Rule of Criminal Procedure 6(e) and reveal investigative documents and techniques. Since then, the FBI has produced several rounds of documents and made Special Agent Paul Zukas (Special Agent Zukas) available for a deposition that lasted over six hours, as requested. Following Azima's request in April 2024 for specific documents, the FBI is continuing to do searches for responsive documents, but the Motion to Compel fails to acknowledge this. The Motion to Compel also fails to recognize that in a Touhy Request, the proper standard of review is the Administrative Procedures Act (APA), which limits judicial review to final agency conduct that is arbitrary, capricious, and not in accordance with the law.

Despite Azima's assertions to the contrary, the FBI has been cooperative in providing information and testimony in response to his Touhy Request. Those cooperative efforts are ongoing. Azima clearly wants the requested information on an expedited basis, but the timing of his Touhy request (near the close of discovery in an underlying lawsuit in North Carolina) was of his own choosing. Moreover, the FBI is under no obligation to drop work on other law enforcement priorities to respond to his request on an emergency basis. Because the Motion to Compel claims deficiencies to an ongoing response to a Touhy Request, the Court should stay the case. Alternatively, even if the Courts finds that this action is not premature, the Motion to Compel should be denied because Azima fails to show why the response to his Touhy Request is unlawful or otherwise improper under the applicable standard of review.

## INEFFECTIVE SERVICE OF THE MOTION TO COMPEL

While this miscellaneous action was filed on May 10, 2024 (Dkt. 1), the Motion to Compel was not properly served until May 20, 2024. Azima first attempted to serve the Motion to Compel directly by email to undersigned counsel on May 13, 2024. *See* Dkt. 3, Affidavit & Supplemental Certificate of Service. Undersigned counsel informed Azima's counsel on May 21, 2024, that service was not proper under Federal Rule of Civil Procedure 4(i), which requires service upon the U.S. Attorney for the Southern District of Texas. Proper service was made on May 22, 2024. Dkt. 3. Thus, this response is filed 21 days after the date of proper service.

## FACTUAL BACKGROUND

Azima first submitted a Touhy Request to the FBI and the U.S. Attorney by letter dated December 15, 2023. Attached as Exhibit 1 is Farhad Azima's Touhy Request. The letter referenced an underlying lawsuit related to the Touhy Request, in which the federal government is not a party, *Azima v. Del Rosso*, Case No. 1:20-cv-954, in the U.S. District Court for the Middle District of North Carolina (the "Underlying Lawsuit"). Ex. 1, p. 3. In the Touhy Request, Azima claims that the

2

defendants in the Underlying Lawsuit stole his computer data to instigate a criminal investigation. Ex. 1, p. 4. Azima further claims that Special Agent Zukas is a witness to Defendants' and their co-conspirators' efforts to instigate such an investigation. Ex. 1, p. 4. The Touhy Request further details grand jury investigations allegedly instigated against Azima and specific dates in which documents were produced to the FBI. Ex. 1, p. 5. Notably, the federal complaint in the Underlying Lawsuit that was attached to the Touhy Request, asserts eleven claims, including unlawful disclosure of information, computer trespass and civil conspiracy,[1] but does not appear to mention the FBI, a federal law enforcement investigation of Azima, or Special Agent Zukas. Ex. 1, pp. 11-43.

Through the Touhy Request and undated subpoenas, Azima requested Special Agent Zuka's deposition along with the following documents:

1. All Documents Related to interactions, meetings, presentations, discussions, and interviews involving U.S. Government Employees and Defendants and/or their Co-Conspirators Related to Mr. Azima.

2. All subpoenas, Including grand jury subpoenas, and Document requests from U.S. Government Agencies to Defendants and/or their Co-Conspirators Related to Mr. Azima and all Communications Related to those subpoenas and Document requests.

3. All Documents produced to U.S. Government Agencies in response to subpoenas, in response to Document requests, or as voluntary productions Related to Mr. Azima.

4. All Communications Related to productions of documents made to U.S. Government Agencies Related to Mr. Azima.

Ex. 1, p. 54. The relevant time period for these documents was between March 1, 2015 until October 15, 2020. Ex. A, p. 52. Document requests nos. 2 and 3 directly request documents involved in a grand

---

[1] Specifically, the complaint asserts Wiretap Act claims of unlawful disclosure and conspiracy to disclose, and misappropriation and violation of trade secrets, computer trespass, identity theft, publication of personal information, unfair and deceptive acts or practices, civil conspiracy, and invasion of privacy. Ex. 1, pp. 11-43.

3

jury investigation. *See* Fed. R. Crim. P. 6(e)(3) (providing that matters before the grand jury may only be disclosed under exceptions not applicable here).

On February 1, 2024, after the FBI reviewed its file for responsive, non-restricted documents, the U.S. Attorney's Office responded to the Touhy request. Attached as Exhibit 2 is DOJ's Response to the Touhy Request (the "First Response"). Because the Touhy Request specifically requested documents, the disclosure of which would violate Federal Rule of Criminal Procedure 6(e), the request was partially denied and partially granted. Ex. 2. Citing to 28 C.F.R. § 16.26(b)(1) and (b)(5), the First Response partially denied the request because it would violate the grand jury secrecy rule and reveal investigative techniques and procedures, or investigatory records compiled for law enforcement purposes. Ex. 2, p. 2. As such, the DOJ authorized the disclosure of documents not subject to these restrictions. Ex. 2, p. 2.

Beginning in March 2024, the FBI produced at least four sets of documents dated in the six months prior to a grand jury investigation of Azima in March 2017. The U.S. Attorney's Office is not aware of any other grand jury investigation. These documents included information voluntarily produced to the FBI by third parties and correspondence between Special Agent Zukas and third parties related to Azima.

The DOJ also authorized Special Agent Zukas' deposition with limitations that he was not permitted to discuss the operational details of a grand jury investigation or discuss documents and information presented to a grand jury. Ex. 2, p. 3. Special Agent Zukas was also not authorized to disclose any law enforcement techniques or procedures pursuant to 28 C.F.R. § 16.26(b)(4), (5). Ex. 2, p. 3. Upon agreement with Azima's counsel on the date, the FBI made Special Agent Zukas available for a deposition on March 6, 2024. *See* Dkt. 1-1, Excerpts of Special Agent Paul Zukas' Deposition. Special Agent Zukas's deposition lasted over six hours.

At the deposition, Special Agent Zukas brought a set of documents responsive to the Touhy Request. Special Agent Zukas also had mailed a copy of a hard drive, which was provided to the FBI by a third-party, to Azima's counsel the week of the deposition. Despite the Motion to Compel's claim that the FBI failed to produce records before and at his deposition, the U.S. Attorney's Office previously notified Azima's counsel about the delay of mailing the hard drive due to chain of custody requirements that prevented it from being mailed sooner. Exhibit 3, Email Correspondence dated February 29, 2024. Azima's counsel chose to proceed with the deposition before receiving the documents. Notably, the subpoena attached to the Touhy Request (Ex. 1, p. 45) and the additional subpoenas served with the deposition date did not contain any document requests requiring Agent Zukas to bring documents to his deposition.

On April 9, 2024, after the U.S. Attorney's Office and Azima's counsel conferred regarding Azima's additional requests for documents, Azima provided an exhaustive list of third-parties, emails, and text messages and a spreadsheet, in which Azima requested that the FBI conduct additional searches with this information. Exhibit 4, Email Correspondence Dated April 9, 2024. This request included attachments with specific email addresses and phone numbers for the FBI perform to searches on. *See* Ex. 4.

DOJ has not officially responded to the April 9, 2024 request for additional information because given the volume of this information, the FBI has been working with its discovery unit to perform searches on internal emails dating back to 2016. Once the FBI receives the results of the searches, it also needs to time to review the emails for restricted information and conduct redactions, as necessary. Since the request for specific documents on April 9, 2024, the FBI has also reviewed its files again for responsive documents and is producing another set of documents around the time of this filing. Despite the FBI's agreement to conduct additional searches for documents and correspondence, which are ongoing, Azima filed this action.

## STATEMENT OF ISSUES

1. The Court does not have jurisdiction to review an agency action that is not final.

2. Alternatively, the Motion to Compel fails to show that DOJ's response to the Touhy Request is insufficient under relevant law.

## APPLICABLE LAW

Federal agencies are permitted to promulgate *Touhy* regulations that govern the disclosure of information pursuant to a request. *CF Indus., Inc. v. Dep't of Justice Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 692 Fed. Appx. 177, 181 (5th Cir. 2017). Known as the "Housekeeping Statute", 5 U.S.C. § 301, authorizes the head of an Executive department to "prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." 5 U.S.C. § 301. As shown below, a subpoena for documents under a Touhy request is reviewed differently than a traditional subpoena under the Federal Rules of Civil Procedure. Azima does not reference this review in its Motion to Compel the FBI to respond to his request for production nor does Azima explain why a non-party federal agency is required to produce a privilege log.

### A. Touhy Regulations

The "Touhy Request" is named after the U.S. Supreme Court case, *United States ex rel. Touhy v. Regan*, 340 U.S. 462, 464 (1951), that considered whether a subordinate DOJ official could refuse to obey a subpoena duces tecum for the production of documents in DOJ's possession. The official's refusal to obey the subpoena was based on a DOJ regulation authorizing the DOJ to refuse to comply with a subpoena for information prohibited by the regulation. *Id.* at 463. The Supreme Court ultimately upheld the validity of agency regulations under the Housekeeping Statute and further held that the official could refuse to produce those papers pursuant to a subpoena duces tecum. *Id.* at 467-68.

Accordingly, federal agencies are permitted to promulgate regulations, known as Touhy regulations, governing the disclosure of information pursuant to a request. *CF Indus.*, 692 Fed. Appx.

at 181. The applicable Touhy regulations of the DOJ are set forth at 28 C.F.R. §§ 16.21-16.26, which provide procedures and standards that govern the production or disclosure of any material or information in its files or within the knowledge of its employees, acquired by reason of their official duties, when responding to subpoenas issued in litigation.

Specifically, the DOJ Touhy regulations prohibit current or former employees from producing documents or providing testimony in a case where the United States is not a party, unless the appropriate agency official authorizes the disclosure. 28 C.F.R. § 16.22(a). If a demand is made to a department employee, the employee must notify the U.S. Attorney for the district where the issuing authority is located. *Id.* § 16.22(b). The U.S. Attorney as the responsible official must, after any necessary consultation with the originating component, "authorize…the production of material from Department files without further authorization from Department officials whenever possible…." 28 C.F.R. § 16.24(c).

The DOJ Touhy regulations further prohibit disclosures that would violate the grand jury secrecy rule, Fed. R. Crim. P. 6(e) and "would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." 28 C.F.R. § 16.26(b)(1), (5)). In other words, the U.S. Attorney is not authorized to approve a disclosure that reveal this information. 28 C.F.R. § 16.26(b)(5). Section 16.26(a) also directs DOJ officials to consider "[w]hether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose" and "[w]hether disclosure is appropriate under the relevant substantive law concerning privilege." 28 C.F.R. § 16.26(a). Finally, there are no specific time requirements for responding to Touhy requests or producing documents. *See generally*, 28 C.F.R. §§ 16.21-16.26; *see also United States v. Rider*, No. 4:20-CR-232 (2), 2023 WL 2072088, at *12 (E.D. Tex. Feb. 17, 2023) (noting that "[t]here are no specific time requirements in the DHS's Touhy regulations, but the agency must

have proper time to make an initial determination, weighing the relevant factors under 6 C.F.R. § 5.48.").

Here, the U.S. Attorney after consultation with the FBI (the originating component of the information and materials sought by Azima) authorized the requested production by Azima on the basis that it does not violate the grand jury secrecy and would not reveal investigative records, techniques, and procedures. But as for Azima's April 9 request, specifically claiming why the production was insufficient, these searches and review for responsive documents is ongoing.

### B. APA Review Standard

Because Azima's attempt to obtain documents and testimony from the FBI, is actually a challenge to the DOJ's decisions in responding to the Touhy Request, judicial review is governed by the Administrative Procedures Act (APA). *See CF Indus.,* 692 F. App'x at 181 (5th Cir. 2017) (quoting *COMSAT Corp. v Nat'l Science Fdn.*, 190 F.3d 269, 277 (4th Cir. 1999) ("[I]in the context of an agency's response to a third-party subpoena, 'the proper method for judicial review of the agency's final decision pursuant to its regulations is through the [APA].'")); *Hasie v. Office of the Comptroller of the Currency of the U.S.*, 633 F.3d 361, 365 (5th Cir. 2011); *but see Butowsky v. Folkenflik*, No. 4:18CV442, 2019 WL 12373861, at *11 (E.D. Tex. Dec. 13, 2019) (noting the split among district courts to apply the APA standard to a subpoena).

Under the APA, "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review. If there is no final agency action, a federal court lacks subject matter jurisdiction." *Qureshi v. Holder*, 663 F.3d 778, 781 (5th Cir. 2011) (citing 5 U.S.C. § 704)(internal footnotes omitted). To be considered final, an agency's action "must mark the consummation of the agency's decision-making process" and "must be [action] by which rights or obligations have been determined or from which legal consequences will flow." *Peoples Nat'l Bank v. Office of the Comptroller of the Currency of the U.S.*, 362 F.3d 333, 337 (5th Cir. 2004). Once there is a final action, "agency actions,

findings, and conclusions [] may be set aside only if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Hasie*, 633 F.3d at 365 (cleaned up). "The scope of review under this standard is narrow, and a court is not to substitute its judgment for that of the agency." *Id.* (citation omitted). In reviewing the agency's decision under the "highly deferential" APA standard, the court begins with, "a presumption that the agency's decision is valid, and the plaintiff has the burden to overcome that presumption by showing that the decision was "erroneous." *Memorial Hermann Hosp. v. Sebelius*, 728 F.3d 400, 405 (5th Cir. 2013) (citing *Buffalo Marine Servs. Inc. v. United States*, 663 F.3d 750, 753 (5th Cir. 2011)).

## ARGUMENT

### A. The Motion to Compel is premature.

The Motion to Compel does not appear to challenge the First Response to the Touhy Request or its partial denial but complains of deficiencies in the production to which the FBI is currently conducting searches. And these searches are partially based on specific email addresses first provided by Azima's counsel on April 9, 2024, almost four months after its initial Touhy Request. *See* Ex. 4 (attaching a spreadsheet of email addresses). First, the Motion to Compel complains that the FBI has not produced any emails with a third-party, Dechert. With the specific email addresses that Azima produced, the FBI has agreed to conduct additional searches of emails. Thus, there has been no final agency action to challenge on this issue. Second, the Motion to Compel lists documents in which Azima claims were not produced but referenced during the deposition of Special Agent Zukas. Motion to Compel, p. 6. Again, the FBI has agreed to perform additional searches and produce any responsive documents. There is no final agency action that Azima complains of that would give the Court jurisdiction to review. *See Hanak v. Dyncorp, Inc.*, No. SA-09-CA-752-FB, 2012 WL 13136449, at *1 (W.D. Tex. Aug. 30, 2012) (denying a motion to compel Touhy responses because the U.S. Army "has

9

made a concerted effort to respond to the Touhy requests, and further, it continues to respond to these requests as more information is made available."").

The Touhy regulations contemplate that a requesting party may file an action before the DOJ has authorized the release of documents, stating:

> If response to a demand is required before the instructions from the appropriate Department official are received, the responsible official or other Department attorney designated for the purpose shall appear and furnish the court or other authority with a copy of the regulations contained in this subpart and inform the court or other authority that the demand has been or is being, as the case may be, referred for the prompt consideration of the appropriate Department official and shall respectfully request the court or authority to stay the demand pending receipt of the requested instructions.

28 C.F.R. § 16.27. The DOJ cannot provide an official response to Azima's request for documents he alleges were missing from prior production until the FBI completes it searches and review of additional documents. Thus, DOJ respectfully requests the court to stay this action pending an official response from DOJ to Azima's April 9 request.

### B. Alternatively, Azima fails to show how the agency's actions have been arbitrary, capricious, an abuse of discretion, or otherwise unlawful.

Although the Motion to Compel does not rely on the APA standard of review, to the extent that Azima is challenging agency action, the proper review is whether the agency acted arbitrarily, capricious, or unlawful in responding to his Touhy Request. Specifically, Azima's complaints of any delay or timing in the DOJ's response are not supported by legal authority. The Touhy regulations do not impose a time limit to respond, and Azima's document subpoena is undated. *See* Dkt. 1-1. There is no specific time requirement; therefore, Azima cannot complain of delay simply because he has not received all the documents he wanted.

Courts have noted the time and effort demanded from an agency in responding to Touhy requests. *See e.g.*, *COMSAT Corp.*, 190 F.3d at 278 ("When an agency is not a party to an action, its

10

choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources."). Courts thus defer to the agency on how to best use its resources as they are in the best position to determine how much time and effort would be involved considering its ability to comply. *See id.* ("we defer to the agency's judgment, recognizing as we do that 'federal judges—who have no constituency—have a duty to respect legitimate policy choices made by those who do ... [because] [o]ur Constitution vests such responsibilities in the political branches.'"); *Davis Enters. v. U.S. E.P.A.*, 877 F.2d 1181, 1188 (3d Cir. 1989) ("[The court] cannot say that [the agency] abused its discretion in deciding that its interest in having the time of its employees (and therefore taxpayers' money) spent on agency business outweighed the interests of [the requesting party] in having the EPA reports admitted into evidence in private litigation to which the EPA was not a party); *City of Ashland v. Schaefer*, Civ. No. 08-3048-CL, 2008 WL 2944681, at *6 (D. Or., July 31, 2008) ("[T]he USDA is in the best position to determine the time and effort involved in preparing the employees for their depositions and testimony and how that time commitment might hamper their ability to fulfill their duties. Thus, the Court cannot find that the USDA's decision regarding the testimony's undue interference with the employees' [duties] was unreasonable or irrational."); *Bobreski v. U.S. Envtl. Prot. Agency*, 284 F. Supp. 2d 67, 80 (D.D.C. 2003) ("The plaintiff may not agree with EPA's assessment and its denial of the plaintiff's request. But neither the plaintiff nor this court may substitute their judgment for that of the EPA. Because EPA made a rational decision in accordance with its Touhy regulations, the court determines that EPA's denial of the plaintiff's request for the inspector's testimony was not arbitrary and capricious."). In a case involving a Touhy request to the FBI, one court "defer[ed] to the DOJ's determination that answering [the plaintiff's] numerous requests would divert FBI employees from their primary duties as law enforcement officers to other non-law enforcement matters. *Benhoff v. United States Dep't of Just.*, No. 16CV1095-GPC(JLB), 2017 WL 840879, at *6 (S.D. Cal. Mar. 3, 2017).

11

Even if the Court finds that review of agency action is not premature here, Azima has failed to show how the DOJ's response so far has been unlawful. Nor does Azima justify why the FBI should divert it employees to search for documents related to an investigation sooner. Since he first submitted the Touhy Request for documents directly implicating grand jury secrecy and investigative processes and documents, his attorneys have deposed Special Agent Zukas for several hours, and he has received several rounds of document production. More recently, Azima has made specific requests for additional information that will require the FBI to run searches for emails going back to 2016. Discovery in the underlying lawsuit has also ended and was close to ending when Azima first made the Touhy Request. Azima makes no showing why his interests in conducting discovery in a lawsuit where discovery has already ended outweigh the agency's time and resources in responding to his request. Thus, the Court should defer to the FBI how its processes the Touhy request (including the timing of its productions) in this case and deny the Motion to Compel.

### C. Even if the Court does not apply APA review, the Motion to Compel should be denied under the Federal Rules of Civil Procedure.

As noted by the Motion to Compel, discovery has closed in Azima's lawsuit that was the basis for his Touhy Request. The Motion to Compel, p. 1. Yet, Azima claims that "FBI's continued and repeated failures to comply with the document subpoena is frustrating [his] basic discovery rights and ability to meaningfully prepare for trial." Motion to Compel, p. 9. Notably, the original discovery deadline in that case was March 29, 2024, and in the parties' request to the court to extend the deadline to May 15, 2024, there was no mention of Azima's pending Touhy Request. *See Azima* v. *Del Rosso, et al.*, Case No. 1:20-cv-954, Dkt. 340, Joint Motion to Amend Case Management Order (M.D. N.C. March 29, 2024). The relevance of the Touhy Request is further undermined by the complaint in the Underlying Lawsuit, which does not appear to rely on any allegations of the defendants' actions of sending stolen data to the FBI as a basis for any of the claims. *See generally*, Ex. 1, pp. 11-42. In addition, the Touhy Request was first made approximately three months before the close of discovery in the

12

Underlying Lawsuit, and as shown by the Touhy Request, which actually references the documents it requests from the FBI with Bates labels, Azima's has possession of at least of the documents he seeks. Azima fails to show how the alleged failure to produce all the documents he wants, on the timetable that he demands, is undermining his basic discovery rights when he chose to wait until a few months before the close of discovery to begin seeking documents from the FBI.

Azima's claim that the production of documents has been untimely also fails. The document subpoena at issue is undated and unsigned. Dkt. 1-2. Azima does not otherwise show what is the appropriate timeframe in which the DOJ must comply with his subpoena. Thus, even under the Federal Rules of Civil Procedure, Azima fails to show why the breadth of documents he seeks through his April 9 request is relevant to the Underlying Lawsuit or prohibiting him from preparing for trial and not an undue burden on the FBI.

### D. The Motion to Compel's request for a privilege log is improper.

Because neither the DOJ nor the FBI is a party to the Underlying Action, Azima's request for a privilege log in improper. The Motion to Compel does not provide any basis for why a federal agency and non-party should be compelled to produce a privilege log in responding to a Touhy request. *See Rawlings & MacInnis, P.A. v. United States Dep't of Just.*, No. 3:21-CV-426-CWR-FKB, 2022 WL 21295485, at *3 (S.D. Miss. July 20, 2022) (holding that the DOJ was not required to submit a privilege log in response to a Touhy Request). Moreover, a privilege log will undermine the Touhy regulations by disclosing the types of documents that are not being produced due to grand jury secrecy and for there tendency to reveal restricted investigative documents, techniques, and procedures.

## CONCLUSION

For the foregoing reasons, the Court should stay this action because it is premature as DOJ is still in the process of responding to Farhad Azima's latest request for documents. Alternatively, the

Court should dismiss the case because Azima has failed to show how the DOJ's response to his Touhy request is insufficient under applicable law.

Dated: June 12, 2024

Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney

By: */s/ Lisa Luz Parker*
Lisa Luz Parker, Attorney-in-Charge
Assistant United States Attorney
Attorney in Charge
Texas Bar No. 24099248
Southern District No. 3495931
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9489
Fax: (713) 718-3303
E-mail: lisa.luz.parker@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on June 12, 2024, the foregoing was filed and served on counsel of record through the Court's CM/ECF system.

*/s/ Lisa Luz Parker*
Lisa Luz Parker
Assistant United States Attorney