United States District Court
Southern District of Texas
**ENTERED**
June 14, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re FARHAD AZIMA'S | § | |
| SUBPOENA TO THE FBI | § | MISC. NO. 4:24-MC-00772 |
| | § | |

## ORDER

The Court hereby denies Farhad Azima's Motion to Compel (Doc. No. 1) without prejudice. The Court finds the motion to be premature for two different reasons: one that is practical and one that is legal. First, the document production is ongoing and the non-movant, the Federal Bureau of Investigation ("FBI"), is still producing documents and searching for more. As such, this matter is ongoing and does not represent a final refusal by the agency. Second, the Court finds that since the matter is ongoing, there is no final agency decision or action that provides this Court with a legitimate basis to assert jurisdiction.

> Under the Administrative Procedure Act ("APA"), "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." "If there is no final agency action, a federal court lacks subject matter jurisdiction."
>
> In general, for agency action to be deemed final, it "must mark the consummation of the agency's decision-making process" and "must be [action] by which rights or obligations have been determined or from which legal consequences will flow." In evaluating whether a challenged agency action meets these two conditions, this court is guided by the Supreme Court's interpretation of the APA's finality requirement as "flexible" and "pragmatic." *Abbott Labs. v. Gardner*, 387 U.S. 136, 149–50, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)

*Qureshi v. Holder*, 663 F.3d 778, 781 (5th Cir. 2011).

Utilizing the guidance suggested by both the Fifth Circuit and the Supreme Court as quoted above, it is clear that the ongoing search and possible production of additional material precludes jurisdiction. Moreover, the FBI has indicated its willingness to produce any newly

discovered documents to the extent they do not fall into certain categories that it considers sacrosanct, such as grand jury material.

Therefore, based upon the Fifth Circuit authority quoted above and given the status of the ongoing production, this Court lacks jurisdiction. Therefore, the Motion to Compel is hereby denied as premature (or not ripe) and this case is dismissed without prejudice.

SIGNED this 14th day of June 2024.

Andrew S. Hanen
United States District Judge